Filed 5/10/16  P. v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FORREST LEE JONES,<br><br>Defendant and Appellant. | F071204<br><br>(Super. Ct. No. 95CM1285)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Gomes, J., and Franson, J.

**STATEMENT OF THE CASE**

On August 28, 1995, appellant Forrest Lee Jones was sentenced in Kings County Superior Court to a term of 25 years to life in state prison in accordance with Penal Code sections 667, subdivision (e)(2)(A)(ii) and 1170.12, subdivision (c)(2)(A)(ii).

On December 24, 2014, appellant filed a motion requesting a diagnostic study be prepared by the California Department of Corrections and Rehabilitation (CDCR) pursuant to Penal Code Section 1170(d).[1]  Appellant recognized he had no standing to move to recall his sentence pursuant to Penal Code section 1170, subdivision (d).  In his motion, however, appellant requested that the trial court ask the CDCR to prepare a diagnostic study recommending a recall of commitment pursuant to California Code of Regulations, title 15, section 3076, which provides in pertinent part:

> "(a)  The Secretary, or designee, may recommend at any time to the sentencing court the recall of an inmate's commitment pursuant to Penal Code section 1170(d), if the inmate is not sentenced to death, for one or more of the following reasons:

> "(1)  It is evident from the inmate's exceptional behavior that is so extraordinary beyond simply complying with all regulations and procedures during incarceration that they have changed as a person and would be a positive asset to the community.

---

[1]      Penal Code section 1170, subdivision (d) provides in pertinent part:  "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, or the county correctional administrator in the case of county jail inmates, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

"(2)  Information which was not made available to the court in pronouncing the inmate's sentence is brought to the attention of the Secretary, who deems the information would have influenced the sentence imposed by the court.

"(3)  The Secretary deems that circumstances have changed to the extent that the inmate's continued incarceration is not in the interest of justice."

Petitioner asserted that he had demonstrated exceptional behavior over the past 20 years of his incarceration.

On February 25, 2015, the Kings County Superior Court denied the motion, finding that it lacked authority to recall and modify appellant's sentence under Penal Code section 1170, subdivision (d).  It also ruled that there was "no good cause for directing the preparation of [a] post-sentence diagnostic report by the California Department of Corrections and Rehabilitation at this time."

Appellant filed a notice of appeal from the denial of the motion for a diagnostic study by the CDCR on March 12, 2015.  By a letter dated May 29, 2015, appellate counsel informed appellant that the denial of his request for sentence modification pursuant to Penal Code section 1170, subdivision (d) is a nonappealable order. According to the appellant's handwritten notation on the copy of the letter filed with this court, appellant asked this court to make a copy of the notice of appeal and refile it as a petition for writ of habeas corpus.  The notation further states "Deem Forrest motion/petition to the Superior Court."

## DISCUSSION

The denial of appellant's request to the superior court to order a postdiagnostic report is not an appealable order.  Appellant does not have the right to such an order, and denial of the same is not an order made after judgment affecting his substantial rights. (Pen. Code, § 1237, (subd. (b).)  The appeal is therefore dismissed.

3

Appellant's request to treat the notice of appeal as a petition for writ of habeas corpus is denied without prejudice to appellant seeking extraordinary relief in the Kings County Superior Court, if appropriate.

## **DISPOSITION**

The appeal is dismissed as having been taken from a nonappealable order. Appellant's request that the notice of appeal be treated as a petition for writ of habeas corpus is denied.

4